## STATE ex GLOVER v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2706. Decided May 2, 1938

P. W. Tetlow, Columbus, for relator.

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Asst. Atty. Gen., Columbus, for respondent.

## OPINION

By HORNBECK, J.

This is an original action in mandamus to command the respondent to reinstate the application of the relator for a rehearing on her application of October 3, 1928, for an award because of the death of William Glover. Issue is drawn upon petition, answer and reply and the cause is submitted upon an agreed statement of facts which presents the issue for determination.

Briefly, the statement of facts discloses that the relator is the widow and dependent of William Glover, deceased, who came to his death on August 18, 1928, as a result of carcinoma of the right lung; that he was injured in the course of his employment with the American Vitrified Products Company of Barberton, Ohio, a contributor to the state insurance fund under the Workmen's Compensation Act; that his injury was suffered when he and two other employees were attempting to place a sewer pipe on a pile and one of the employees let loose of the pipe, throwing the weight thereof on said William Glover, injuring his right brachial plexus; that after William Glover's death his widow filed an application, of date October 3, 1928, with the respondent for compensation for the death of her decedent; that on March 21, 1929, this application was considered by respondent and the following order made:

"That this claim be disallowed for the reason that the proof of record does not establish that the decedent's death was due to an injury received in the course of employment."

That thereafter and within thirty days from the date relator received notice of the above denial of her claim she filed an application for rehearing through her then duly authorized attorneys, Wannamaker & Russell, Akron, Ohio; that thereafter, on September 18, 1929, the application for rehearing was scheduled for the taking of testimony under §1465-90, GC, at which time the relator was represented by W. B. Wannamaker, of her counsel. The testimony of one witness, a Dr. W. H. Morgan, was received and claim continued for the taking of additional testimony on behalf of relator; that it was rescheduled for taking of testimony on March 13, 1930,

at which time the following notation was placed on the record:

"Claim No. 1124566—William Glover, dec'd.

"This claim came on for rehearing this 13th day of March, 1930, upon regular assignment at the Branch Office of the Industrial Commission of Ohio, at Akron, Ohio. Walter B. Wannamaker appeared as counsel for the claimant and Howard C. Walker appeared as counsel for the State Insurance Fund, expressing a willingness to proceed. Counsel for the claimant announced that such evidence as he had been able to secure by virtue of the autopsy had caused the claimant to be of the opinion as to the claim respecting an allowance for death of said Wm. Glover, further proceeding thereon was not desired, nor is such claim to be continued further by the claimant, and therefore by consent of the claimant and counsel for the claimant on agreement with counsel for the fund, said claim for allowance because of death is hereby dismissed without further proceeding. The claimant, however, reserves the right to the claim, if any, pertaining to temporary total disability."

That thereafter, on June 16, 1930, the following record of hearing appears:

"No. 1124566.

"WM. GLOVER, DEC'D., CLAIMANT

"AMERICAN VITRIFIED PRODS. CO., EMPLOYER.

"BE IT REMEMBERED, That this claim came on for rehearing before the Industrial Commission of Ohio on the 16th day of June, 1930.

"W. WANNAMAKER, present on behalf of claimant.

"J. I. WILLIAMS, present on behalf of State Insurance Fund.

"The attached testimony of witnesses taken before the branch office deputy on the 18th day of September, 1929, was offered in evidence by claimant, the Commission to pass upon the objections and exceptions to be saved to the Commission's rulings thereon.

"MR. WANNAMAKER: The application for dismissal was made under a misapprehension on the part of both the claimant and the attorney, due to the fact that the definiteness of the cause of cancer was believed at that time by the claimant and by counsel to be ascertainable, whereas, we have found by medical advice that the cause of cancer is so thoroughly unknown that we believe that it is open to a finding that this death was occasioned by the in-

jury which he sustained and ask for a submission of the evidence as introduced and a finding in our favor.

"MR. LEONARD: Refor to Mr. Gregory.

"The foregoing together with the attached testimony was all of the evidence introduced by either party at the hearing of said claim.

"Justina Lewis,
"Stenographer."

That thereafter, on October 24, 1930, this last application came before the commission, at which time the following order was made:

"Claim No. 1124566

"Claimant: Wm. Glover, dec'd.

"Employer: Amer. Vitrified Prod. Company.

"FINDING OF FACTS AND MINUTES

"On this day this claim came before the commission upon the application for rehearing filed by the claimant herein.

"It appearing that the claimant and counsel indicated that they did not care to proceed with the rehearing at the time the matter was set down for taking testimony:

"It is therefore ordered that the application for rehearing be dismissed; that the claimant be advised that if she desires to bring to the attention of the commission any facts which were not disclosed when the case was originally considered by the commission, the commission will give attention to any additional facts which claimant has at her command whenever appropriate steps are taken to present the same to the commission.

"This upon motion of Mr. Gregory seconded by Mr. Leonard and voted upon as follows: Mr. Leonard, Aye, Mr. Gregory Aye, Mr. Nysewander, Aye.

"Date: October 24, 1930.

"Wellington T. Leonard,
"Chairman
"W. I. Blake,
"Secretary."

And thereafter, on April 27, 1931, respondent requested relator to reconsider said claim on behalf of relator upon the request of Paul G. Russell, attorney at law, who was at all times a partner of said Wannamaker. With this request affidavits of doctors were submitted to the effect that in their opinion if the decedent had a tumor of the lungs at the time he sustained the injury and if said injury injured said tumor, such injury might and could

cause a more rapid growth and extension and could and might hasten death; that none of these doctors in their affidavits indicated that in their opinion such a condition did exist in this case and on June 19, 1931, said application for reconsideration was dismissed; that thereafter relator obtained the services of the attorneys, Cerrezin & Wilson of Cleveland, Ohio, who attempted to have the claim further reconsidered by filing another application for rehearing, which application was denied, said application being in the form of a motion.

By reason of the facts heretofore set forth, the relator avers that the action of the respondent in dismissing her application for rehearing on October 24, 1930, and in refusing to reinstate her application for rehearing and her application for compensation, made within two years following decedent's death, was a gross and wilful abuse of discretion and not within the province of the respondent.

In our judgment the claim of the relator is not well made for two reasons: First, the respondent accorded to relator her full rights of filing an application for rehearing and presenting testimony in her behalf at the time of the assignment of the claim for rehearing and the relator at all times represented by competent legal counsel with full knowledge of her rights elected on her own motion to dismiss her claim for allowance because of the death of her decedent. The only application for rehearing which was filed within the statutory period was by the consent of the relator dismissed because relator desired no further proceeding respecting her claim. We perceive no reason why the relator, with full knowledge of her rights and represented by qualified counsel, should not waive her right to proceed further on her application for rehearing and dismiss her claim.

But the second and more convincing reason why the relator should not maintain her action is that the commission having extended marked consideration to relator in permitting her to offer any other or further testimony which she was able to produce, tending to establish her right to a rehearing and allowance of her claim, the testimony which was developed definitely discloses that she could not have been prejudiced by the action of the commission in refusing to reinstate her application for rehearing. In the order of June 16, 1930, it appears that the statement was made by

Mr. Wannamaker, then counsel for relator, "that the application for dismissal was made under a misapprehension on the part of both the claimant and the attorney, due to the fact that the definiteness of the cause of cancer was believed at that time by the claimant and by the counsel to be ascertainable, whereas, we have found by medical advice that the cause of cancer is so thoroughly unknown that we believe that it is open to a finding that this death was occasioned by the injury which he sustained and ask for a submission of the evidence as introduced and a finding in our favor."

Granted that all of the foregoing recitation is true, does it do more than place the cause of the death of decedent in the field of conjecture? However, going one step further, the subject matter of the physician's affidavits, tendered and accepted, was to the effect that "if the decedent had a tumor of the lungs at the time he sustained the injury and if the injury which he suffered while in his employment injured the tumor, such injury might and could cause a more rapid growth and extension and could and might hasten death but in none of the affidavits was the opinion expressed that such a condition (that is to say, a tumor of the lungs) was present on the date that plaintiff's decedent was injured. It therefore is obvious that a necessary fact upon which a jury could predicate a verdict in behalf of the plaintiff is missing, namely, the presence of a tumor on the lungs of the relator's decedent as of the date of his injury. Without evidence at least tending to disclose the presence of such a tumor, the jury could not take the next step and determine that carcinoma which caused relator's decedent's death was caused or its progress hastened by the injury which he suffered in the course of his employment.

In the most favorable light of the facts it appears that the claim of the relator was not prejudiced by the action of the commission in refusing to reinstate her application for rehearing.

It is essential to mandamus that the obligation of the respondent to act as prayed in the petition clearly appear. The relator has not met this burden of proof and the writ must therefore be denied.

BARNES, PJ, and GEIGER, J, concur.