Williams, J.
 

 This proceeding is brought originally in this court by the Cbpperweld Steel Company, an employer complying with the workmen’s compensation law.' The real object sought by plaintiff is to bring about the disallowance of six claims, heretofore allowed by the Industrial Commission, to prevent the awards thereon from being taken into consideration in determining the merit rating to be applied to plaintiff’s risk.
 

 The defendant filed a motion to strike out various parts of the petition, but, in view of statements made by counsel in open court on the presentation of the motion, this court now treats the motion as a general demurrer.
 

 It is not necessary to recite the allegations of the petition in full but only those well-pleaded and germane to this inquiry.
 

 On November 13,1941, six employees of the plaintiff left its industrial plant near the city of Warren, Ohio, after they had finished their work, entered an automobile and proceeded not less than 700 feet along the roadway to a railway grade crossing where the automobile collided with a freight train. In the collision two of the employees were killed and four injured. As a result thereof two claims for death benefits and four for compensation for injuries were filed with and allowed by the Industrial Commission. After the allowances had been made, the employer, plaintiff herein, filed with the commission a petition as to each claim seeking a vacation of the order of allowance and a dis-allowance of the claim. The petitions were denied and thereupon this suit was instituted.
 

 
 *441
 
 It does not affirmatively appear from the petition whether the employees had other means of egress from the grounds surrounding the plant or whether they had left the zone of their employment. Allegations of such character would be material on the question of compensability, yet as will be pointed out it is immaterial for the purpose of this case whether these claims are in, law compensable or not.
 

 The relief sought by plaintiff is rather sweeping. In the prayer of the petition plaintiff asks: (1) That the “orders of the Industrial Commission be set aside, vacated and reversed; that the * * * claims and each of them be disallowed; [2] that a writ issue prohibiting and enjoining the defendant from continuing such orders or any of thém in effect, from making any payments thereunder, from taking into consideration any payments which may have been made thereunder in the merit or individual rating of the plaintiff’s workmen’s compensation risk, and requiring the defendant to vacate such orders and disallow such claims; and [3] for all such further relief to which the plaintiff may be entitled.”
 

 Oounsel for plaintiff in their brief and in argument assert that plaintiff is entitled to: (lj A review; of the orders of the commission, pursuant to Section 871-38, General Code; or (2) a writ to set aside the orders and compel their disallowance.
 

 The extent to which appeals from orders of the Industrial Commission upon claims for compensation or death benefits may be allowed is provided for in Section 1465-90, General Code. When on rehearing a. claim is denied on any ground of grounds specified in that section the claimant is given a right of appeal by filing a petition in the Court of Common Pleas. On the other hand when the claim is allowed the action is final. In that event the complying employer cannot appeal from the order of allowance and the employee
 
 *442
 
 cannot appeal from an order fixing the amount of compensation.
 

 Does plaintiff have a remedy by review under Section 871-38, General .Code?
 

 That section insofar as material herein reads thus: “Any employer or other person in interest being dissatisfied with any order of the commission may commence an action in the Supreme Court of Ohio, against the commission as defendant to set aside, vacate or amend any such order on the ground that the order is unreasonable or unlawful and the Supreme Court is hereby authorized and vested with exclusive jurisdiction to hear and determine such action. The commission shall be served with summons as in other civil cases.”
 

 Counsel for plaintiff request re-examination of our previous construction of that provision. It was early held that an employee could not bring a proceeding under that section for the allowance of compensation in addition to that which had previously been allowed.
 
 Gatton
 
 v.
 
 Industrial Commission,
 
 93 Ohio St., 203, 112 N. E., 503. Recently it was decided that an employer has no right to have an order, fixing a premium rate, reviewed under this provision.
 
 United States Wall Paper Co.
 
 v.
 
 Industrial Commission,
 
 132 Ohio St., 372, 7 N. E. (2d), 798. Since the decision in the
 
 Gatton case
 
 there have been many other decisions construing this section. It is now the established rule that its provisions do not confer upon this court power to review orders of the Industrial Commission allowing claims for injury or death arising out of or suffered in the course of employment but apply only to matters pertaining to the safety code. Orders reviewable thereunder are such as “relate to places of employment and to safeguards touching the life, health, and safety of employees.”
 
 Pittsburg Coal Co.
 
 v.
 
 Industrial Commission,
 
 108 Ohio St., 185, 188, 140 N. E., 684.
 
 United
 
 
 *443
 

 States Wall Paper Co.
 
 v.
 
 Industrial Commission, supra.
 
 In the two latter reported cases citations to other decisions may be found. Upon re-examination of the question we approve and follow the established rule that orders made by the Industrial Commission under the workmen’s compensation law are not reviewable under Section 871-38, General Code.
 

 Is the plaintiff entitled to a writ compelling the setting aside of the awards and disallowance of the claims ?
 

 The plaintiff in -its petition has not indicated exactly what kind of a writ is sought. It might be either injunction, prohibition or mandamus. Plaintiff’s counsel do not specifically urge that injunction will lie but do ask for a writ “enjoining the defendant.” Therefore, we give passing consideration to the applicability of the injunctive remedy. This court has power to grant an injunction
 
 pendente lite
 
 as ancillary to a cause of which it has jurisdiction, in order to preserve matters
 
 in statu quo.
 
 However, as to chancery cases in which an injunction is sought as a final remedy, original jurisdiction is vested by statute in the Court of Common Pleas. The Supreme Court has, under the Constitution, no original jurisdiction to afford such relief in chancery.
 

 Counsel for plaintiff do contend that this action is “in prohibition.” Prohibition is a remedy calculated to keep inferior tribunals from usurping power with which they have not been invested. It'must be borne in mind that it is not sought herein to prevent a merit rating of a complying employer as was' the case in
 
 State, ex rel. Powhatan Mining Co.,
 
 v.
 
 Industrial Commission, 125
 
 Ohio St., 272, 181 N. E., 99, 82 A. L. R., 938, but to control the action of the Industrial Commission with respect to the allowance or disallowance of certain claims. The power to hear claims and award death benefits and compensation for injuries has been
 
 *444
 
 expressly conferred upon the commission by Section 1465-90, General Code, and prohibition will not lie to curb the exercise of that power or to prevent the enforcement of a valid award after it has been made upon claims properly before it, as were the claims in the case at bar.
 

 Do facts pleaded state a cause of action in mandamus? Mandamus is frequently employed to keep the Industrial Commission within legal bounds. The writ’s use is limited to compelling the performance of a duty specially enjoined by law whether the failure to perform the duty results from an abuse of discretion, a violation of law, or otherwise.
 

 The complying employer has no direct financial interest in the distribution of the state insurance fund. His interest lies in basic and merit ratings and the amount he is required to pay in premiums. With respect to the subject matter involved in a proceeding upon a claimant’s application for compensation under Section 1465-90, General Code, the complying employer’s interest is remote. He is neither a necessary nor a proper party to such a proceeding; not being a party he has no right to appeal or review. The lack of such right, however, does not deprive him of relief through the extraordinary legal remedy of mandamus, when warranted by the facts.
 

 It has previously been stated that it is inconsequential whether the petition alleges facts to show that the claims were in reality compensable. Upon what theory can every complying employer, upon the allowance of a claim by the Industrial Commission, sue out a writ in this court and try the issue of compensability over again? Were this court to issue a writ compelling the Industrial Commission to set aside orders allowing the claims and to enter orders of disallowance, the claimant’s right to a rehearing before the commission would be cut off by a prior adjudication in this court. See
 
 *445
 

 State, ex rel. Nichols,
 
 v.
 
 Gregory et al., Industrial Commission,
 
 130 Ohio St., 165, 169, 198 N. E., 182. Thus the result of allowing the writ would be to deny to claimants, who are not parties here, the right to proceed under the express provision of Section 1465-90, General Code, with respect to the determination of their claims. The power to determine compensability is vested in the commission and cannot be interfered with as long as its discretion is exercised soundly and within legal bounds.
 

 Now, the petition does not set up any abuse of discretion on the part of the commission or aver any facts fo show that the orders of the commission were void for fraud or otherwise, or invalid by reason of any statutory provision. No case is made out by the allegations of the petition which would show a right to relief by mandamus.
 

 Since the allegations of the petition do not show a right to a review under Section 871-38, General Code, or a right to a writ as prayed for or other relief, the petition is subject to a general demurrer.
 

 Petition held demurrable.
 

 Wbygandt, C. J., Matthias, Hart, Zimmerman, Bell nud Turner, JJ., concur.