*229
 
 Williams, J.
 

 The position of counsel for relator is disclosed by the following quotation from his brief:
 

 “It is the contention of the,relator that the fixing by the commission of the average weekly wage at $27 per week is absolutely void and beyond the jurisdiction of the commission for the reason that they did not find a definite fact to exist that would justify them in applying the last paragraph of Section 1465-84 of the General Code.”
 

 Section 1465-84, General Code, reads:
 

 “The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits.
 

 “In cases of temporary total disability the compensation for the first twelve (12) weeks for which compensation is payable shall be based on the full weekly wage of the claimant at the time of the injury; provided, that when a factory, mine or other place of employment is working short time, in order to divide work among the employees, the commission shall take that fact into consideration when determining the wage for the first twelve (12) weeks of temporary total disability.
 

 “Compensation for all further temporary total disability shall be based as provided herein for permanent disability claims.
 

 “In death claims, permanent total disability claims, permanent partial disability claims and claims for impairment of earnings, the claimant’s or the decedent’s average weekly wage for the year preceding the injury shall be the weekly wage upon which compensation shall be based. In ascertaining the average weekly wage for the year previous to the injury, any period of unemployment due to sickness, industrial depression, strike or lockout; shall be eliminated.
 

 “In cases where there are special circumstances under which the average weekly wage cannot justly be
 
 *230
 
 determined by applying the above provisions the commission, in determining the average weekly wage, in such cases, shall use such method as will enable it to do substantial justice to the claimants.”
 

 Prohibition is a remedy calculated to keep inferior tribunals from usurping power with which they have not been invested.
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, 443. That the commission had power to fix the average weekly wage cannot be denied, for that power is expressly conferred by statute. So, if the relator be entitled to the writ at all, it would be upon the theory that the commission so far exceeded its power that its action was void as an excess of jurisdiction. Without deciding whether the writ will ever lie to restrain such a claimed excess, it may safely be stated as a fundamental proposition that if jurisdiction was not exceeded by the Industrial Commission, the writ will not lie.
 

 Kenneth Ewan was a young man, 20 years of age, and in good health at the time of his injury. At the beginning and during most of the 12-month period preceding the injury his wage was comparatively small, only $15 per week. At the end of that period his weekly wage had increased to approximately $50. It is thus apparent that with experience and his approach to maturity, he succeeded in increasing his earnings markedly. The commission found that the average weekly wage could not be justly determined by applying the regular provisions of Section 1465-84, that is to say by using the actual average weekly wage for the year prior to the injury as the basis for computing compensation; and further found that the circumstances concerning claimant’s earnings were such as to clearly warrant the fixing of the basic average weekly wage at $27, by authority of the provisions of the statute above quoted.
 

 
 *231
 
 A factual basis warranting respondent’s action is all that the statute requires. The giving of' specific reasons is not necessary; nor is an express finding, as to what definite fact or special circumstances exist justifying the commission’s action, an essential prerequisite to the lawful fixing of an average weekly wage under the last paragraph of Section 1465-84. When a factual basis for the exercise of the commission’s discretion is shown by the record, nothing more is necessary and the action of that body cannot be said to be beyond its power. In the instant case facts warranting the action of the commission are so shown and there was no excess of jurisdiction.
 

 The writ of prohibition is therefore denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.