Bell, J.,
 

 dissenting. In stating the reasons for my dissent I shall briefly review this cause from its inception.
 

 The allegations of the original petition call to the attention of the court that the plaintiff, a corporation,
 
 *597
 
 is operating an industrial plant near the city of Warren, Ohio, and is an employer contributing to the State Insurance Fund and otherwise fully complying with the workmen’s compensation law of Ohio. On November 12, 1941, among the workmen employed by plaintiff were Isidoros Diomataris, Leonidas Serres, Costas Perris, Markos Mamoujelos, Antionos Spanolios and Tom Buss.
 

 On the night of that day these six men worked at the plant and on the next morning after they had finished they left the plant and entered an automobile driven by Isidoros Diomataris.
 

 They proceeded some distance over a roadway to a grade crossing on land owned by the Baltimore & Ohio Bailroad Company, at which time and place the automobile and a freight train proceeding over the crossing came into collision causing the death of the first two named employees and injuring the remaining four.
 

 A cláim was filed by or on behalf of each of such employees with the Industrial Commission (hereinafter called the commission) and on June 11, 1943, the commission entered an order in each cause finding that the claimant was entitled to participate in the State Insurance Fund. Plaintiff was notified of the findings and orders and thereafter filed a petition with the commission for rehearing and reconsideration of the claims and orders. Upon rehearing the commission again entered its orders allowing the claims. The plaintiff alleges in detail the facts with reference to the collision between the automobile and the train, and also reasons why the claims should have been rejected.
 

 The prayer, in brief, is that the orders be set aside, vacated and reversed and that the claims be disallowed, that a writ issue prohibiting and enjoining the commission from continuing such orders in effect or making payments thereunder and from taking into consideration any payments made thereunder in the merit
 
 *598
 
 or individual rating of the plaintiff’s workmen’s compensation risk.
 

 To this petition the commission (defendant) filed a general demurrer.
 

 In
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, by a unanimous decision, this court held that the petition was demurrable upon the ground that the Workmen’s Compensation Act does not grant the employer the right to a review of an order made by the commission awarding compensation to an injured employee.
 

 Thereafter plaintiff filed an amendment to the petition in which it alleged that the commission assessed and the plaintiff paid for the year 1943 an aggregate increase in premium of $20,182.62 over the amount the premium would have been without such claims and that plaintiff will be charged with additional amounts by way of increased premiums in future years based upon the allowance of such claims.
 

 The commission again has demurred upon two grounds, (1) that the petition and the amendment thereto do not state facts sufficient to constitute a cause of action, and (2) that several causes of action are improperly joined.
 

 The majority of the court has concluded that the demurrer to the petition and the amendment should be sustained and the petition dismissed.
 

 With that conclusion I am unable to agree.
 

 Under the provisions of the Workmen’s Compensation Act every employer who employs three or more persons regularly in the same business is amenable to the act and complying employers are protected against actions at law for damages for death or injury to employees sustained in the course of their employment. The employee is guaranteed compensation for any injury sustained in the course of and arising out of his employment and the dependents of an employee, in
 
 *599
 
 case death ensues, under like circumstances are granted compensation. The act further provides that employers amenable thereto, with the approval of the commission, may become self-insurers. All employers, therefore, who employ three or more persons regularly in the same business, of necessity fall within one of three classifications. (1) Complying employers; (2) non-complying employers; or (3) self-insurers. The first class pays premiums into the State Insurance Fund, the latter two classes do not.
 

 The commission fixes the amount of the premium that complying employers must pay into the fund based upon the classification of the business and the amount of losses incurred against the fund on account of injuries and death of the' employees of such employer. It follows that the greater the number of compensable deaths or injuries occurring during any one year the greater the amount of premiums payable by the employer.
 

 In my view of this case two constitutional questions must be considered. (1) Is the complying employer being deprived of his property without due process of law? (2) Is the complying employer being granted the equal protection of the law?
 

 Let us briefly analyze what happens to each class of employers when an employee is killed or injured.
 

 Class No. 1 Complying Employers
 
 — Where an employee of a complying employer is killed or injured claim is made to the commission and if an award is granted compensation is paid out of the State Insurance Fund. The employer has no voice in the matter. There is no forum wherein such complying employer can set up the defense that the injury or death did not occur in or arise out of the employment even though that be the fact.
 

 By the provisions of the statute every award granted by the commission results in an increase in the
 
 *600
 
 premium which the complying employer must pay for the ensuing years,.
 

 The net result is that whether an award is rightfully or wrongfully made the complying employer cannot be heard to complain.
 

 Class No. 2 Non-complying Employers
 
 — Where an employee of a non-complying employer is killed or injured the employee or in case of death his dependents have a choice of remedies. A civil action may be maintained for such death or injury against such employer or application may be made to the commission, and it may make an award and certify the same to the Attorney General who shall institute a civil action against such employer to compel payment. However,' in either event, the non-complying employer may defend any action brought against him upon the ground that the death or injury did not occur in the course of or arise out of the employment. If such defense be established the non-complying employer is not required to pay for the death or injury of such employee.
 

 Class No. 3 Self-insurers
 
 — When an employee of such self-insurer is killed or injured, application is filed with the commission by the injured employee or by his dependents in case death ensues and, if an award is granted, the employer, if an action be instituted to compel payment of the award, may defend upon the ground that the death or injury did not occur in or arise out of the employment.
 

 It is self evident that the non-complying and the self-insuring employers before being compelled to pay any award or damages have the legal right to have determined the question as to whether the injury or death occurred in or arose out of the employment. The complying employer has no such right. This court has held frequently that a complying employer has no right to review an order of the commission awarding-compensation.
 

 
 *601
 
 It is a matter of such common knowledge that judicial notice should be taken of the fact that the commission considers thousands of claims each year and like all human agencies undoubtedly it makes mistakes. In some cáses claims are allowed that should be rejected and some persons are compensated who should not receive compensation. In cases where awards are erroneously granted by the commission it is neither just nor equitable that the complying employer should be required to pay extra premiums on account thereof. Requiring such payments results in penalizing the complying employer by placing him upon a different basis than the self-insurer or the noncomplying employer.
 

 In this case the court goes a step further and decides, in effect, that even though the employer is compelled to pay large sums of money in additional premiums for a period of years by reason of erroneous awards of compensation made by the commission, still the complying employer cannot maintain an action to prohibit the commission from assessing and collecting such additional premiums.
 

 If the complying employer has no remedy the assessment and collection of premiums based upon awards granted by the commission to a claimant not entitled thereto amounts to the taking of such employer’s property without due process of law.
 

 This court has never squarely decided whether the complying employer has a remedy. It would seem from one statement in the majority opinion that the remedy of the complying employer under such circumstance is to refuse to pay the premium assessed by the commission and when suit is instituted to collect such premium the complying employer may make a defense if he has one.
 

 If that be his exclusive remedy then in my judgment the complying employer is not afforded the equal protection of the law.
 

 
 *602
 
 Section 1465-75, General Code, provides in part:
 

 “If any employer who has complied with this act shall default in any payment required to be made by him or it to the state insurance fund for a period of ten days after notice that such payment is due, the same proceedings may be had as in the case of an employer against whom the commission has made a finding as hereinbefore provided.” -
 

 Without quoting in detail all the provisions of the statute, suffice it to say that after the commission has determined the amount owed to the fund and notified the employer thereof such amount so determined shall be paid within ten days and upon failure so to do the commission shall certify the finding to the Attorney General who shall “forthwith institute a civil action against the employer.” Such employer is granted ten days to answer and to execute a bond
 
 in double the amount claimed,
 
 with sureties satisfactory to the commission, conditioned that he or it will pay any judgment and costs rendered against him or it for such premiums and upon failure to give such bond it becomes the mandatory duty of the court to appoint a receiver to take charge of the employer’s business.
 

 If the employer is relegated to that remedy his cause is lost as soon as suit is instituted for the reason that he could not claim that he did not owe at least a part of the assessed premium.
 

 In the majority opinion it is said that Section Í465-75, General Code, has no application to the present case. If the complying employer in this case had refused to pay the premium as fixed by the commission and an action had been instituted to require the payment thereof that section by its very language would certainly be applicable.
 

 In addition thereto if the employer had failed to pay the premium the corporation, its president, secretary, general manager or managing agent, each would be per
 
 *603
 
 sonally subject to fine and imprisonment (Section 1465-69o, General Code) and the corporation if sued by some injured employee during the period of noncompliance would be barred of all common-law defenses. To require the complying employer to undergo those hazards in order to review the correctness of an award made by the commission, none of which is required of a self-insurer, does not afford the complying employer equal protection of the law nor does it afford him a remedy in the ordinary course of the law.
 

 The functions of the commission in granting awards to claimants and in fixing premium ratings are
 
 guasi
 
 judicial. We have held upon numerous occasions that a writ of prohibition is the appropriate remedy to keep administrative tribunals within the limits of their jurisdiction. See
 
 State, ex rel. Arey,
 
 v.
 
 Sherrill, City Manager,
 
 142 Ohio St., 574, 53 N. E. (2d), 501, and cases cited therein.
 

 In the instant case all of the facts being admitted by the demurrer’, upon those admitted facts, the commission was without jurisdiction or authority to grant any award of compensation to any of the six claimants and after having done so, it was without jurisdiction or authority to consider such awards in fixing the premium for the ensuing years thereby increasing such premiums.
 

 In my opinion the petition and the amendment thereto state facts sufficient to entitle the plaintiff to relief by this court if the allegations thereof be sustained by proof.
 

 As to the second ground of the demurrer all of the claims grew out. of one accident and the allowance of those claims was the basis of the increase in the amount of premiums, and therefore there is no misjoinder of causes of action.
 

 The demurrer therefore should be overruled.
 

 Hart, J., concurs in the foregoing dissenting opinion.