By the Court.
 

 In the case of
 
 Copperweld Steel Co.
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 439, 52 N. E. (2d), 735, the plaintiff, an employer complying with the workmen’s compensation law, sought from this court a
 
 *685
 
 writ prohibiting the Industrial Commission from making payments under orders awarding compensation and from taking into consideration any payments, which had been made thereunder, in the merit or individual rating of the plaintiff’s workmen’s compensation risk.
 

 In holding the plaintiff’s petition demurrable in that case, this court said at pages 443 and 444:
 

 “Counsel for plaintiff do contend that this action is ‘in prohibition.’ Prohibition is a remedy calculated to keep inferior tribunals from usurping power with which they have not been invested. It must be borne in mind that it is not sought herein to prevent a merit rating of a complying employer as was the case in
 
 State, ex rel. Powhatan Mining Co.,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 272, 181 N. E., 99, 82 A. L. R., 938, but to control the action of the Industrial Commission with respect to the allowance or disallowance of certain claims. The power to hear claims and award death benefits and compensation for injuries has been expressly conferred upon the commission by Section 1465-90, General Code, and prohibition will not lie to curb the exercise of that power or to prevent the enforcement of a valid award after it has been made upon claims properly before it, as were the claims in the case at bar. * * *
 

 ‘ ‘ The complying employer has no direct financial interest in the distribution of the state insurance fund. His interest lies in basic and merit ratings and the amount he is required to pay in premiums. With respect to the subject matter involved in a proceeding upon a claimant’s application for compensation under Section 1465-90, General Code, the complying employer’s interest is remote. He is neither a necessary nor a proper party to such a proceeding; not Toeing a party he has no right to appeal or review.”
 

 
 *686
 
 Upon the reasoning and authority of that case, the demurrer in the present proceeding is sustained and a writ of prohibition denied.
 

 Writ denied.
 

 .
 
 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.