Lamneck, J.
In this cáse, the claimant followed the four procedural steps set up under rule 24, adopted by the commission, governing the hearing of claims in occupational disease cases, viz.:
(1) An application was filed with the Toledo Board of Claims for death benefit's resulting from an alleged occupational disease.
*305 (2) On denial of the application an “application for reconsideration” was filed with the Industrial Commission within 30 days after notice of the decision of the Board of Claims.
(3) On dismissal of the “application for reconsideration,” a motion for “rehearing” before the commission was filed within 30 days after notice of the dismissal of the “application for reconsideration.”
(4) On denial of the motion for “rehearing,” an “application for review” by a “Medical Board of Beview” was filed with the commission within 30 days after receiving notice of dismissal of the motion for “rehearing.”
The relator contends that the commission’s actions constituted a gross abuse of discretion in that it did not have authority to entertain the “motion to rehear,” filed on October 28, 1953, and disapproved on January 5, 1954; and that it did not have jurisdiction to entertain the “application for review,” filed on January 28, 1954, and allowed on February 4, 1954.
To this claim of the relator, the respondent contends that the purpose of the relator is the alleged enforcement or protection of purely private rights, and that this court in exercising its constitutional jurisdiction and discretion in mandamus actions should deny the writ on the authority of State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, 161 Ohio St., 555, 120 N. E. (2d), 421, and State, ex rel. D. L. Auld Co., Inc., v. Morse et al., Industrial Commission, 161 Ohio St., 561, 120 N. E. (2d), 424.
The respondent contends also that its action in the premises is lawful and in accord with the statutes and its rules.
Section 2, Article IV of the Ohio Constitution, provides in part as follows::
“It [the Supreme Court] shall have original jurisdiction in * * mandamus:* * * and such revisory'.jur *306 isdiction of the proceedings of administrative officers as may be conferred by law. * * * No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.”
No statutory law has been called to our attention which confers revisory jurisdiction directly on the Supreme Court over decisions of the Industrial Commission in administering the compensatory provisions of the Workmen’s Compensation Act.
This court ruled in State, ex rel. City of Toledo, v. Lynch, Aud., 87 Ohio St., 444, 101 N. E., 352, that the provision of Section 2, Article IV of the Constitution, that “no law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court,” originally effective January 1, 1913, is mandatory and that this court may not adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction.
It is contended that this court in State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, supra, and in State, ex rel. D. L. Auld Co., Inc., v. Morse et al., Industrial Commission, supra, did adopt a rule which impairs the right of a litigant to invoke the original jurisdiction of the Supreme Court in mandamus proceedings. There is nothing in the Allied Wheel or the Auld case which prevents anyone from filing a petition in mandamus in the Supreme Court and having a hearing thereon, but the court in the exercise of its discretion may deny the extraordinary writ of mandamus.
Constitutional jurisdiction in mandamus was originally conferred on the Supreme Court by the adoption of original Section 2 of Article IY of the Constitution of 1851. This jurisdiction is the common-law jurisdiction that was exercised in Ohio at the time of the adoption of the constitutional provision in 1851. See *307 State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532, at pages 537 and 538, 83 N. E., 907, 19 L. R. A. (N. S.), 49. This jurisdiction can not be enlarged or abridged by statutory enactment. It is, therefore, necessary to learn when the writ would have issued prior to adoption of the Constitution of 1851.
Under the common law, mandamus is defined as a writ which issues from a court of superior jurisdiction “to compel public officers and private individuals in matters relating to the public, to perform their public duties. * * * It is a writ to compel action by, not to give remedy against, the individual officer, for injury resulting from an imperfect or improper action. ’ ’ See Universal Church v. Trustees of Section Twenty-Nine, 6 Ohio, 445, 27 Am. Dec., 267.
This definition is not as comprehensive as the definition of mandamus set forth in Section 2731.01, Eevised Code (Section 12283, General Code).
In State, ex rel., v. Carpenter, 51 Ohio St., 83, 37 N. E., 261, 46 Am. St. Rep., 556, Judge Williams, at page 89, made the following comment:
“Mandamus is not well adapted to the trial of questions of fact, or the determination of controversies of a strictly private nature. Its office is rather to command and enforce the performance of those duties in which the public has some concern, and where the right is clear, and does not depend upon a complication of disputed facts which must be settled from the conflicting testimony of witnesses.” (Italics supplied.)
In the Allied Wheel Products case, supra, this court held that “the Supreme Court, in the exercise of its discretion, will ordinarily refuse to issue the extraordinary writ of mandamus where the purpose of the relator is primarily the enforcement or protection of. purely private rights.”
This court in State, ex rel. Stine, v. McCaw, 136 Ohio St., 41, 23 N. E. (2d), 631, held also that manda *308 tory injunctive relief will not be granted by the Supreme Court through an action in mandamus, because it has no original jurisdiction in injunction.
The writ of mandamus will not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. The phrase, “in the ordinary course of the law,” is not synonymous with the term, “actions at law,” but embraces both actions in law and equity. See State, ex rel., v. Carpenter, supra; Freon v. Carriage Co., 42 Ohio St., 30, 51 Am. Rep., 794; State, ex rel. Shively, v. Nicholas, Judge, 151 Ohio St., 179, 84 N. E. (2d), 918.
A careful review of the decisions of this court .indicates that the following principles are to be applied in considering whether the Supreme Court in the exercise of its discretion should grant the extraordinary writ of mandamus under its constitutional powers.
1. The relator must be the party beneficially interested.
2. Before the writ may issue, it must appear affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies.
-3. The extraordinary writ of mandamus may not be used as a substitute for a mandatory injunction.
4. It may not be used where the purpose of the relator is primarily the enforcement or protection of purely private rights.
Thus mandamus may not be used to control the discretion of an inferior court, board or officer, but it may be used to compel the exercise of discretion. A mere abusé of discretion does not authorize the use of the writ of mandamus. Arbitrary, unreasonable and unlawful orders of an inferior tribunal may properly be attacked in the Supreme Court in an action in mandamus if there is no other adequate remedy in law or equity, but relief will ordinarily be refused unless the *309 relator shows that there has been a gross abuse of discretion and that the relief sought is not merely to determine a controversy of a strictly private nature.
In the instant case, the relator contends that if the commission’s order, granting the claimant a “review” by a “Medical Board of Review,” is allowed to stand, its premiums to the Occupational Disease Fund may be increased. We feel that this contention is primarily for the enforcement or protection of a purely private right. The general public is not concerned, as the controversy is of a strictly private nature.
Except for the provision in Section 1465-44a, General Code (Section 4123.14, Revised Code), which authorizes an employer who is dissatisfied with an award, order, or decision of a Board of Claims to file with the commission an application for reconsideration, review or modification, no statute has been called to our attention which expressly authorizes an employer to intervene in a proceeding before the Industrial Commission in a claim against the Occupational Disease Fund.
In our opinion, the action of the commission in this case was not such as to be considered arbitrary, unreasonable or unlawful and did not constitute a gross abuse of discretion. In effect, the relief sought by the relator is in the nature of a mandatory injunction and is primarily intended to enforce or protect an alleged purely private right. On the authority of State, ex rel. Coen, v. Industrial Commission, 126 Ohio St., 550, 186 N. E., 398, Copperweld Steel Co. v. Industrial Commission, 142 Ohio St., 439, 52 N. E. (2d), 735, State, ex rel. Wilms, v. Blake et al., Industrial Commission, 144 Ohio St., 619, 60 N. E. (2d), 308, State, ex rel. Bevis, v. Coffinberry et al., Industrial Commission, 151 Ohio St., 293, 85 N. E. (2d), 519, and State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, supra, the writ is denied.

Writ denied.

*310 Middleton, Taft, Hart and Zimmerman, JJ., concur.
Weygandt, C. J., and Stewart, J., dissent.