The State, ex rel. Jones, *v.* Industrial Commission of Ohio et al.

(No. 6999—Decided May 21, 1963.)

*Messrs. Traxler & Malkoff,* for relator.
*Mr. William B. Saxbe,* attorney general, and *Mrs. Mary Spivey Durham,* for respondents.

TROOP, J.  Relator filed his petition in this court, praying that a writ of mandamus issue requiring the respondents to make a determination concerning his opportunities for employment under Section 4123.57, Revised Code, as they might be affected by the facial or head disfigurements he has suffered by reason of an accident occurring in the course of his employment.

It is alleged in the petition that:

''The respondents have refused and by their order dated August 2, 1961 to make such determination as required by the above quoted section of the revised code.''

Basic facts are stipulated by the parties.  Essentially, they are that relator was an employee of the Youngstown Sheet & Tube Company and on the 26th day of November 1957, during the course of his employment, suffered third degree burns over 30% of his body.  Scars cover his body from his head and ears to his ankles.  Further, it is stipulated, that on October 22, 1959, relator, Alvey E. Jones, was determined to be 100% permanently partially disabled and that on July 21, 1961, he, Jones, filed a motion asking for a determination as to his facial disfigurement, in response to which, on August 2, 1961, the Industrial Commission made an order, as follows:

''This day to wit, August 2, 1961, this claim coming on for further consideration of the commission pursuant to the commission order on June 6, 1961, upon the claimant's motion filed January 21, 1961, together with other proof of record upon consideration thereof, it is the finding of the commission that the claimant's facial disfigurement resulting from his injury has not impaired his opportunities to secure or retain employment as required by the provisions of Section 4123.57 Revised Code, in effect at the time of his injury so that there is no basis for an award for facial disfigurement at this time.

''It is therefore ordered that the claimant's motion filed January 24, 1961, be denied.''

It is obvious that the Industrial Commission has made a determination as required under Section 4123.57, Revised Code, although not favorable to the claimant.  The portion of Section 4123.57, Revised Code, applicable to this case reads, in part, as follows:

''In case an injury results in serious facial or head dis-

figurement which impairs the opportunities to secure or retain employment, the commission may make such award of compensation as it deems proper and equitable, in view of the nature of the disfigurement * * *."

The statute says that the commission *may* make an award. In the instant case it did not see fit to do so. The order of the commission recites that "* * * it is the finding of the commission that the claimant's facial disfigurement resulting from his injury has not impaired his opportunities to secure or retain employment * * * so that there is no basis for an award for facial disfigurement at this time."

In view of the fact that the Industrial Commission did make a finding, and entered a proper order, the prayer of the petition of relator can only be interpreted to mean that the writ is sought because the commission abused its discretion.

If relator claims an abuse of discretion it must be set up in the petition, or the allegation of facts contained in the petition must show such an abuse. (*Copperweld Steel Co.* v. *Industrial Commission* [1944], 142 Ohio St., 439.) In the case of *State, ex Glover*, v. *Industrial Commission* (1938), 27 Ohio Law Abs., 506, the court, at page 508, says:

"It is essential to mandamus that the obligation of the respondent to act as prayed in the petition clearly appear. * * *"

Various terms are used to describe "abuse of discretion" upon the part of a court or a semi-judicial body. It is suggested that the term implies an unreasonable, arbitrary, or unconscionable attitude. Another suggestion is that the order is manifestly unfair.

The order of the commission recites that the facial disfigurement *has not* impaired claimant's opportunities to secure or retain employment. Nowhere is this conclusion refuted or denied. Further, the order of the commission says there is no basis for an award *at this time.* It seems clear that there was no impairment of employment up to the time of the order of the commission, and it seems equally clear that the commission did not close the door for all time but indicated that a change in the circumstances of the claimant might produce a modification of attitude by the commission. There is nothing

unreasonable, arbitrary, unconscionable or manifestly unfair in such an attitude.

Relator has failed to establish by the facts in his petition and supporting materials that the respondents, *clearly*, have an obligation to act.

The writ is denied and the petition of relator is dismissed.

*Writ denied.*

DUFFY, P. J., and BRYANT, J., concur.

DUFFY, P. J., concurring. The agreed statement of facts indicates that the relator is employed as a foreman, the same work he did prior to injury; that he received a percentage of permanent partial disability rating of 100%; that he suffered third degree burns over 30% of his body; and that the scars cover his body from his head and ears to the ankles.

It is clear that he has not suffered a facial disfigurement which impairs the opportunity to retain employment. In view of the finding by the commission of a 100% permanent partial disability, he could receive the maximum award of compensation allowable under Section 4123.57 of the Revised Code on the date of injury, and, therefore, he has not shown a clear right to a writ of mandamus.

(Decided August 6, 1963.)

ON APPLICATION for rehearing.

*Per Curiam.* The application of the relator for a rehearing of his cause is denied.

It should be noted that the facts stipulated by the parties for the consideration of the court in deciding the matter contain this proposition, as follows:

"* * * on July 21, 1961 he, Jones, filed a motion asking for a determination as to his facial disfigurement."

The finding of the Industrial Commission of Ohio was in response to that motion.

Reference in the opinion in this case is to the application

of Section 4123.57, Revised Code, and the inclusion of "head" disfigurement is pointed out in the first paragraph of the decision and the applicable portion of the statute is quoted on pages 443 and 444.

The statute provides that the commission *may* make an award in either type of disfigurement when either "impairs the opportunities to secure or retain employment." The uncontroverted fact of the claimant's continued employment still remains. The language used in the order of the commission leaves the door wide open for a change in the order if there be a change in basic fact. A part of the order says that "* * * there is no basis for an award for facial disfigurement at this time. * * *"

Relator still fails to establish that the respondents clearly have an obligation to act and there is nothing further to indicate that respondents were unreasonable or manifestly unfair and, therefore, the application for rehearing is denied and the former decision adhered to.

*Former decision adhered to.*

DUFFY, P. J., BRYANT and TROOP, JJ., concur.