THE STATE, EX REL. DAVEY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

(No. 39983—Decided June 1, 1966.)

208

Mr. *A. Millard Armstrong*, for appellee.

Mr. *William B. Saxbe*, attorney general, Mr. *Donald M. Colasurd*, Mr. *William M. Culbert*, Messrs. *Vorys, Sater, Seymour & Pease* and Mr. *Fred G. Preston*, for appellants.

ZIMMERMAN, J. Two questions suggest themselves: (1) Was mandamus in the Court of Appeals an appropriate and available remedy? and (2) was the writ properly issued?

As a result of the industrial accident to Davey on October 16, 1957, the Industrial Commission awarded him compensation for an arm and shoulder injury. But his claim filed with the commission included the aggravation of a prior neck disability growing out of the same accident, and the commission denied him compensation for that. It was from and because of such denial that Davey prosecuted his appeal to the Court of Common Pleas. There is no question that the neck injury was the issue for determination on the appeal, and that this was the main issue involved. According to the allegations of the petition in mandamus and the admissions in the answers of the intervening respondent, the Ternstedt Division of General Motors, and the respondents, Elmer A. Keller, Administrator of the Bureau of Workmen's Compensation, and the Industrial Commission, the Court of Common Pleas on the appeal charged the jury as follows:

"I say to you that if you find from a preponderance of the facts in evidence that the plaintiff sustained an injury to his neck or to the cervical region of his back while in the course of and arising out of his employment with General Motors on October 16, 1957, and such injury proximately aggravated, or accelerated any pre-existing neck or cervical condition of the plaintiff and that the aggravation or acceleration, if any you find, proximately caused, contributed to, or hastened, in a substantial degree, the neck or cervical disability of the plaintiff, your verdict should be for the plaintiff."

The verdict and judgment in favor of Davey in the Court of Common Pleas established his right to participate in the State Insurance Fund on the basis of a neck injury, and on certification of the judgment to the Industrial Commission that agency was faced with a mandate to allow compensation for such an injury. A refusal to comply amounted to a defiance of the favorable verdict and judgment secured by Davey in the Court of Common Pleas, and Davey found himself completely frustrated. If Davey had again appealed to the Court of Common Pleas, as respondents assert he should have done, and he

had again been successful there, the Industrial Commission might well take the same attitude it did in the first instance, and Davey would again be completely stymied.

Large discretion rests with the Court of Appeals as to whether it will entertain an action in mandamus, and when it does assume jurisdiction and acts, even though an adequate remedy at law may exist, such action cannot be successfully challenged and will stand. *State, ex rel. Shoeman,* v. *Deuber et al., Barberton Civil Service Comm.,* 175 Ohio St. 357, 358, 195 N. E. 2d 110, 111.

Here, the Court of Appeals did assume jurisdiction and issued a writ to the Industrial Commission, requiring it to recognize Davey's neck injury and to award compensation therefor. A majority of this court is of the opinion that in the circumstances the judgment of the Court of Appeals is correct, and that the Industrial Commission must recognize it and be governed thereby.

Of course, "mandamus will not lie to control the discretion of the Industrial Commission with respect to an award of compensation; but the writ will lie to compel the performance of a duty specially enjoined by law where failure to perform the duty results from abuse of discretion, violation of law or otherwise." *Copperweld Steel Co.* v. *Industrial Commission,* 142 Ohio St. 439, 52 N. E. 2d 735, paragraph three of the syllabus.

Section 4123.519, Revised Code, recites in part:

"If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate in the fund, the commission and the administrator shall thereafter proceed in the matter of the claim as if such judgment were the decision of the commission, subject to the power of modification provided by Section 4123.52 of the Revised Code."

We think that the judgment of the Court of Appeals finds support in the second paragraph of the syllabus of *State, ex rel. Kauffman,* v. *Industrial Commission,* 121 Ohio St. 472, 169 N. E. 572, which reads:

"A verdict and judgment so entered and certified to the Industrial Commission do not impose upon the Industrial Commission a duty to pay compensation to any particular future date or for any particular extent of disability; it becomes the duty

of the commission upon receiving such certificate to recognize the verdict and judgment as awarding some disability and to proceed to inquire the extent of such disability.''

And, see the fourth paragraph of the syllabus of *State, ex rel. Moore*, v. *Industrial Commission*, 141 Ohio St. 241, 47 N. E. 2d 767, reading as follows:

''Where a Court of Common Pleas finds and certifies to the Industrial Commission of Ohio that a claimant has the right to participate in the State Insurance Fund, the commission is bound to award some compensation or benefit.''

In *State, ex rel. Waller*, v. *Industrial Commission*, 142 Ohio St. 193, 195, 51 N. E. 2d 643, 644, the statement is made:

''Therefore, where, upon hearing on appeal, a Common Pleas Court finds and certifies to the Industrial Commission that a claimant has a right to participate in the State Insurance Fund, it becomes the duty of the commission to award some compensation or benefit.''

How the Industrial Commission may respond to the judgment of the Court of Appeals remains to be seen. It must now be assumed that pursuant to such judgment it will act in good faith and not in an unreasonable, arbitrary or defiant manner. However, it must take some affirmative and favorable action to comply with the certified judgment of the Court of Common Pleas, which established that Davey suffered a neck injury in the industrial accident of October 16, 1957.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

MATTHIAS, J., dissents on the basis of the dissenting opinion in *Keels* v. *Chapin & Chapin, Inc.*, 5 Ohio St. 2d 112, at page 114.