The demurrer raises two questions:
(1) Is mandamus a proper remedy to obtain the relief sought?
(2) Are relators entitled to such relief?
If the answer to the first question is in the negative then it is unnecessary to proceed with a discussion of the merits of this action. *Page 662 
Although the demurrer is based on the ground that no cause of action is stated in the petition, it reaches the question of the propriety of the action for the reason that if mandamus is not an appropriate remedy, a petition in mandamus does not state a cause of action. Mandamus is a remedy recognized not only in the common law but provided by statute in Ohio. It is a writ "commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." Section 12283, General Code.
Section 12287, General Code, provides that "'the writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law." The sole objection to the propriety of the remedy in the instant case is that if relators should be entitled to the relief they seek they have an adequate ordinary remedy at law, and respondent, to support that contention, cites the cases of Slatmeyer v. IndustrialCommission, 115 Ohio St. 654, 155 N.E. 484; Copperweld SteelCo. v. Industrial Commission, 142 Ohio St. 439,52 N.E.2d 735; and Copperweld Steel Co. v. IndustrialCommission, 143 Ohio St. 591, 56 N.E.2d 154.
The Slatmeyer case was not a mandamus action. It was a proceeding in error under Section 871-38, General Code, to review the decision of the Industrial Commission in respect to the imposition of an added award for the violation of a specific safety requirement and the court held that such section did not confer upon this court jurisdiction to review such a decision. The court decided that all questions relating to such additional award, save those upon which the decision of the commission is final, may be heard and determined in a single suit wherein the employer, when sued under Section 1465-74, General Code, for *Page 663 
the compensation fixed, may contest the basic legal questions necessary to be determined by the commission before making such additional award.
In the Copperweld case (142 Ohio St.),.. the court held that Section 871-38, General Code, does not apply to an order allowing a claim for workmen's compensation under power conferred by Section 1465-90, General Code; that prohibition will not issue to prevent the Industrial Commission from carrying out a lawful award of workmen's compensation pursuant to such section; and that mandamus will not lie to control the discretion of the Industrial Commission with respect to an award of compensation, but the writ will lie to compel the performance of a duty specially enjoined by law where failure to perform the duty results from abuse of discretion, violation of the law or otherwise.
In the Copperweld case (143 Ohio St.), the court held that an employer is not denied due process or equal protection of the law by reason of the fact that he is not given the right by statute to review an order of the Industrial Commission awarding workmen's compensation, and that when such an order is challenged only on the ground that the claims allowed are not compensable, the employer whose merit rating will be affected thereby is not entitled to relief by way of extraordinary legal remedy.
The three foregoing cases are easily distinguishable from the instant one.
There is no dispute here that claimant is entitled to compensation and to an additional award. The only question is as to the computation upon which the award should be made. The instant case is not an appeal from an order of the Industrial Commission under Section 871-38, General Code, but is a mandamus action to compel the commission to perform its legal duty in making a proper computation. *Page 664 
It is argued that the remedy as outlined in the Slatmeyercase and the Copperweld case (143 Ohio St.) is available to relators in the instant case. That remedy would have the employer refuse to pay his contribution to the state insurance fund, await proceedings against him under Section 1465-75, General Code, and make his defense, if any he has, either that the claim against him is noncompensable or that the extra award was illegally assessed. It is urged that since the employer has this ordinary legal remedy he is foreclosed from resorting to mandamus.
As we have stated, the writ of mandamus must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. The remedy outlined in theSlatmeyer case and the Copperweld case (143 Ohio St.) is an ordinary legal remedy, but is it adequate?
In order to avail himself of such ordinary legal remedy the employer must refuse to pay a premium to the state insurance fund and set up his defense when sued. In such an event what could happen to him? In the first place, under Section 1465-69a, General Code, failure to pay a premium to the state insurance fund would subject the defaulter to a fine of not more than $500, and if the failure should be deemed wilful it would subject the defaulter to imprisonment for not more than 90 days. Furthermore, under Section 1465-73, General Code, the employer who failed to pay into the fund would be liable to actions for damages by his employees and would be deprived of the commonlaw defenses of the fellow-servant rule, assumption of risk and contributory negligence. In addition, under Section 1465-75, General Code, when the commission has found the amount of a premium due from an employer, if such employer shall not pay the same within ten days after notice to him of the amount and *Page 665 
shall not execute a bond in double the amount so fixed, conditioned to pay any costs and judgment rendered against him for the premium, the court at the time a petition is filed for the recovery of the amount shall appoint a receiver for the property and business in this state of such employer. Finally, under Section 1465-75a, General Code, an employer who has failed to pay his premium into the state insurance fund may be enjoined from the further operation of his business.
It must be remembered that courts are established to interpret the law, but it must not be forgotten that our law is concerned with living people who dwell, work and transact business together in an American civilization for the promotion and perpetuity of which government is instituted, Common-sense meanings should be given legal expressions wherever possible. Surely, it would seem the height of nonsense to say that an ordinary legal remedy is adequate when to avail himself of it one must undergo liability to the pains and penalties of a fine, imprisonment, actions at law against him while he is deprived of his commonlaw defenses, receivership for his business, and an injunction against operating the same.
In the instant case relators do have an ordinary legal remedy under Section 1465-75, General Code, but from any practical or sensible standpoint it is not an adequate remedy. This court has inferentially so held in State, ex rel. Rae, v. IndustrialCommission, 136 Ohio St. 168, 24 N.E.2d 594. The court there allowed a writ of mandamus to compel the Industrial Commission to deny an application for an additional award for violation of a specific safety requirement. In the Rae case the relator had the ordinary legal remedy provided by Section 1465-75, General Code, but, nevertheless, the court granted the prayer of his mandamus petition. *Page 666 
It is urged that the point of the impropriety of the remedy was not raised but it seems incredible that if mandamus had not been deemed an appropriate remedy that neither the attorney general's office nor this court sua sponte would have failed to interpose the proper objection.
In 34 American Jurisprudence, 839, Section 44, it is stated:
"Furthermore, the remedy which will preclude mandamus must be equally as convenient, complete, beneficial, and effective as would be mandamus, and be sufficiently speedy to prevent material injury. Another remedy, tedious and not so well adapted to the nature of the case as that by mandamus, will not operate to prevent resort to the latter remedy. If such other remedy is incomplete or inconvenient, the court may exercise a sound discretion in granting or refusing the writ."
Our conclusion is that the demurrer in this case is not well taken so far as it applies to the remedy.
We come now to the second question. Do relators state facts which entitle them to the issuance of a writ of mandamus on the merits of their claim?
The additional award of the Industrial Commission to claimant was originally based upon the amount of ordinary compensation awarded. This followed the practice of the Industrial Commission for many years prior to the Engle case. Under such a practice claimant would now be receiving 30 cents per week additional award, which would be 30 per cent of one dollar ordinary compensation.
The court in the Engle case interpreted Section 35, ArticleII of the Constitution of Ohio, which provides, inter alia, that when the injury, disease or death of a claimant results from failure by the employer to comply with any specific safety requirement for the *Page 667 
protection of employees, there shall be added to the amount of compensation a sum not greater than 50 per cent nor less than 15 per cent of the maximum award established by law, to be paid in like manner as other awards.
In the Engle case, the relator urged that the maximum award established by law meant the aggregate overall amount which could possibly be legally paid to a claimant. The respondent therein urged that the maximum award meant that which had been granted by the Industrial Commission. This court, however, held that the maximum award meant the maximum amount per week which the commission could award to injured workmen as fixed by the applicable statute.
It is on that basis of computation that the added award is being paid in the instant case, as the petition shows upon its face. It is urged that, since the ordinary award in this ease is so small, one dollar per week, and the largest amount that could have been awarded is $18.75, the additional award amounts to 30 per cent of $18.75, or $5.625 per week and such sum is 560 per cent in excess of the ordinary award and the two awards equal $6.625 per week, which is more than claimant's total wages before she was injured.
The relators have already paid as additional award more than 30 per cent of $4,000, the largest aggregate sum which claimant can receive under her ordinary award. Nevertheless, claimant's situation is completely justified by the Engle case. It is true that very probably in most instances a claimant who is paid an additional award for violation of a specific safety requirement will receive an amount less than the overall aggregate sum under the statute. The instant claimant, if she lives her life expectancy and her injury is permanent, will receive an additional *Page 668 
award greatly in excess of such Overall aggregate. It seems to us that the constitutional amendment, as interpreted by theEngle case, requires this result. The additional award is paid as long as claimant receives the ordinary award, and since there is a limit of $4,000 for the ordinary award it will take 4,000 weeks at one dollar a week to reach the aggregate limit.
Relators further urge that, since Judge Bell, in theEngle case, stated that the additional award was compensation rather than damages or penalty, they are entitled to relief because the additional award in the instant case results in claimant receiving more than her entire wages before her injury and has already resulted in payments of additional award in excess of 30 per cent of the overall aggregate of $4,000, and claimant is still a young woman with a long life expectancy. This situation, relators say, shows that in the instant case the additional award is clearly a penalty rather than compensation.
It is true that the Engle case designates the additional award as compensation and that interpretation results from the language of the constitutional amendment. which says that the additional award shall be added to the amount of compensation that may be awarded and paid in like manner as other awards, and if such compensation is paid from the state fund the premium of such employer shall be increased, etc. However, while the additional award is compensation it has another characteristic. It is compensation so far as the injured employee is concerned. It is awarded to him because he has been compelled by law to forego an action against his employer for injuries resulting from failure of the employer to comply with a specific safety requirement, and, therefore, he receives the added compensation of additional award along with the ordinary award. *Page 669 
The additional award serves another great objective. The state is concerned for the safety of its citizens, and specific requirements with reference to working conditions are enacted for the purpose of protecting workmen from injury, disease and death. This protection is not only of great value to the workman but is to the great economic advantage of the community and state. The imposition of an additional award acts as a deterrent to every employer from omitting compliance with legal specific safety requirements, and, in that respect, the additional award becomes compensation in the nature of a penalty.
In the case of State, ex rel. Whitman, v. IndustrialCommission, 131 Ohio St. 375, 3 N.E.2d 52, 106 A. L. R., 72, Judge Jones said at page 379:
"The additional award is in the nature of a penalty, and it was the purpose of the Constitution to impose such penalty upon the employer who failed to comply, and not upon him who did comply."
If the additional award be considered as purely compensatory to its recipient, but of a penal nature as to the employer for his violation of a specific requirement for the safety, health and welfare of his employees, that disposes of the complaint of the relators in the rather exceptional and drastic situation in which they have found themselves as the result of their noncompliance with a specific safety requirement.
Our conclusion is that the computation of additional award in the instant case is in accord with the law as announced in theEngle case, and, therefore, on the merits of their claim the petition of relators does not state a cause of action. The demurrer to it is sustained and the writ denied.
Writ denied.
WEYGANDT, C.J., TURNER, MATTHIAS, HART, ZIMMERMAN and SOHNGEN, JJ., concur. *Page 670