Bell, J.
Section 4123.414, Revised Code, so far as pertinent here, reads as follows:
“Each participant shall be entitled to receive payments without application from said fund of a weekly amount equal to the difference between 25 dollars and such lesser sum as he shall be receiving weekly under the workmen’s compensation laws for permanent and total disability * * V* (Emphasis added.)
The statement by the respondent in its brief of the question to be decided exemplifies the fallacy of the position it has taken in this matter. Respondent defines the issue thus:
*292 “Does the term ‘workmen’s compensation’-as-therein used [Section 4123.414 and others, Revised Code] include an award based upon the violation of a specific safety requirement?”
If such were the question presented, it would be easily disposed of on the authority of the unanimous decision of this court in State, ex rel. Emmich, v. Industrial Commission, 148 Ohio St., 658, 76 N. E. (2d), 710, where it was held specifically in paragraph three of the syllabus:
“The additional award provided by Section 35, Article'll of the Constitution of Ohio, for failure by an employer to comply with any specific safety requirement for the protection of his employees is compensation so far as the employee is concerned, but is in the nature of a penalty so far as such award affects the employer. ” ■
The real question is whether such award is compensation for permanent and total disability. Obviously, the payment of the additional compensation as a result of the violation of- a specific safety requirement has no relation either to the permanence or totality of the disability, because once an additional award is made it continues to be paid regardless of the extent or continuance of disability. See State, ex rel. Engle, v. Industrial Commission, 142 Ohio St., 425, 52 N. E. (2d), 743.
The wording of Section 4123.414, Revised Code, appears- to us to be plain and unambiguous and to mean-just what-it says, i. e., that the injured employee is entitled to the difference between 25 dollars and such lesser sum as he shall be receiving for permanent and total disability.
It is argued by the respondent that Section 4123.414, Revised Code, must be read in connection with Sections 4123.412 (which establishes the relief fund out of which the additional award allowed by Section 4123.414 is paid) and 4123.413, Revised Code, neither of which sections contains the limiting language emphasized above. Respondent suggests that such language was included in Section 4123.414 by inadvertence. - In that suggestion we cannot concur. The language used by - the Legislature is too plain.
Even if an ambiguity exists in the three sections, which-we do not concede, the decisions of this- court would require that such ambiguity be resolved in favor of the injured Workman. Bowling v. Industrial Commission, 145 Ohio St., 23, 60 N. E. *293 (2d), 479; 42 Ohio Jurisprudence, 578, Section 5, and cases cited therein.

Demurrer overruled and writ allowed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Herbert, JJ., concur.