Per Curiam.

Respondent in support of his demurrer argues that relator has not exhausted his remedies by way of appeal and shows no clear legal right that would entitle him to a writ of mandamus. He relies on the case of State, ex rel. Wilson, v. McMahon, Judge, 172 Ohio St., 438, in which the court, at page 439, said:
“The hearing provided for in Section 2953.03, supra, is a special proceeding instituted after judgment, which is appealable on questions of law. Whether the trial court in the exercise of reasonable discretion was warranted in denying the applications can be determined on appeal. The Court of Appeals may refuse to allow mandamus as a substitute for appeal.”
It is axiomatic that the writ of mandamus does not lie where there is a plain and adequate remedy at law. This rule has been incorporated in the statutes of Ohio as Section 2731.05, Revised Code, which reads as follows:
' ‘ ‘ The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law.”
The question in any action in mandamus is whether the relator has a clear legal right to the relief sought and whether his remedies other than mandamus are adequate.
Relator’s right to a transcript without paying for it stems - actually from two sections of the Revised Code.
Section 2953.03, Revised Code, provides in part as follows:
‘ ‘ The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Revised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not sufficient time to file it, as provided by Section 2945.65 of the Revised Code, the court shall extend such time, not exceeding 30 days from granting such motion. ’ ’
Section 2301.24, Revised Code, reads in part as follows:
‘ ‘ The trial judge may, during trial, in the exercise of sound discretion, and in the interest of justice, and where there are reasonable grounds for the request, order a transcript of the *49 testimony of one or more witnesses on behalf of an indigent defendant in a criminal case, the expense of which shall be paid by the county treasury and taxed as costs. ’ ’
This court in interpreting this latter section in State v. Frato, 168 Ohio St., 281, held:
“Where shorthand notes have been taken in a criminal case, as provided in Section 2301.20, Bevised Code, the defendant therein has the right to a full transcript of the evidence without paying for it in advance. (Sections 2301.23, 2301.24, 2301.25 and 2953.03, Bevised Code, construed and applied.)” See Griffin v. Illinois, 351 U. S., 12.
Thus it would appear, in those situations where, as here, an accused within rule has invoked the jurisdiction of the Court of Appeals by filing his notice of appeal, that he is entitled if he is an indigent to a copy of the trial transcript for the purpose of preparing his appeal.
This brings us to the basic question presented in this action. That is, whether mandamus is the proper remedy to enforce such right where the request for the transcript has been denied by the trial court. It is, of course, respondent’s contention that appeal is the proper remedy.
It is well established that the mere existence of another remedy does not bar the issuance of a writ of mandamus. State, ex rel. Emmich, v. Industrial Commission, 148 Ohio St., 658.
It has also been held that the fact that a remedy exists by way of appeal does not necessarily mean that such remedy is an adequate remedy so as to bar mandamus. 34 American Jurisprudence, 842, Mandamus, Section 50.
The denial of records to an indigent defendant may well under the Ohio statutes be based on something other than his indigency. Section 2953.03, Bevised Code, provides that the trial judge “may * * * in the interest of justice” order the bill of exceptions and transcript paid for from the county treasury. Similarly, Section 2301.24, Bevised Code, recites that the trial judge “in the exercise of sound discretion * * *, in the interest of justice * * * and where there are reasonable grounds” may order a transcript. Clearly, much more than indigency may enter into the exercise of the discretion of the trial judge. In fact what it may well amount to under these sections is that the *50 same judge who tries the accused decides whether there are reasonable grounds for appeal. This, of course, is the exercise of the discretion that puts the indigent defendant on a footing different from that of one who has money. ' One who has the money may appeal whatever his grounds, but the judge who tries the case decides whether an indigent has the right to appeal, isince in all practicality the records are a necessary tool in preparing an appeal.
To determine whether the trial court abused its discretion in denying the transcript, we are faced with the incongruous situation that the only way the Court of Appeals can make such determination is by an examination of the transcript in question which the relator cannot furnish because it was denied to him. Neither can the relator properly prepare his appeal nor show the abuse of discretion without such transcript. Thus, we have a situation where, in order for the relator to show an abuse of discretion in denying the transcript and for the Court of Appeals to determine whether there was an abuse of discretion in denying the transcript, both must resort to an examination of a transcript which is not available. Under such circumstances, the appeal allowed is not really an appeal at all.
Hence, it is clear that the remedy of appeal is not an adequate remedy, where the trial court denies the request of an indigent defendant for a transcript of the testimony, and is not a bar to an action in mandamus.
Thus, where, as here, an accused has within rule endeavored to properly perfect his appeal to the Court of Appeals, an action in mandamus lies to compel the furnishing of a transcript of testimony to the accused for the purpose of his appeal.

Demurrer overruled and writ allowed.

Weygandt, C. J., Zimmerman, Taet, Matthias, O’Netli and (trieeith, JJ., concur.
Herbert, J., not participating.