THE STATE, EX REL. CASEY OUTDOOR ADVERTISING, INC., APPELLANT,
*v.* OHIO DEPARTMENT OF TRANSPORTATION, APPELLEE.

[Cite as *State, ex rel. Casey Outdoor Advertising, Inc.,
v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429.]

(No. 90–551—Submitted May 21, 1991—Decided August 14, 1991.)

*Schnorf, Schnorf & Ballard, David M. Schnorf* and *Christopher F. Parker,* for appellant.

*Lee I. Fisher,* Attorney General, *Ronald H. Snyder* and *Nino A. Sferrella,* for appellee.

---

*Per Curiam.* The issue presented is whether the court of appeals, in refusing to issue the writ, abused its discretion.

*State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, is dispositive. Paragraph three of the syllabus reads as follows:

"When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ. * * *"

The court of appeals, finding that Casey had a plain and adequate remedy in the ordinary course of the law, denied the writ of mandamus. We affirm.

In *State, ex rel. Oliver, v. State Civil Service Comm.* (1959), 168 Ohio St. 445, 446, 7 O.O.2d 275, 155 N.E.2d 897, 898, wherein relator contended that an order of the State Civil Service Commission was arbitrary, unreasonable and an abuse of discretion, we held:

"The respondent Civil Service Commission is an 'agency' as defined by Section 119.01, Revised Code, and its orders are appealable to the Court of Common Pleas under authority of Section 119.12, Revised Code, providing in part that 'any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County.' Relator did not prosecute such an appeal."

R.C. 119.12 provides, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *."

Applying the above to this case, ODOT is an "agency" and its orders are appealable to common pleas court. Casey was "adversely affected" and should have taken such an appeal.

Nevertheless, Casey, being cognizant of the adequacy-of-remedy impediment to relief, argues that: "A party does not have to exhaust administrative remedies to obtain a writ of mandamus if resort to the administrative remedies would be wholly futile, a vain act or onerous or unusually expensive."

The facts presented do not support the contention that Casey's remedy was inadequate. Casey relies upon *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St.2d 123, 124, 20 O.O.3d 121, 122, 420 N.E.2d 116, 117, which states:

"If relators have a plain and adequate remedy at law, a writ of mandamus will not issue. However, the question remains whether a plain and adequate remedy at law is available to relators herein. The mere existence of another remedy does not bar the issuance of a writ of mandamus. *State, ex rel. Emmich, v. Indus. Comm.* (1947), 148 Ohio St. 658 [36 O.O. 265, 76 N.E.2d 710]. Relators may have a remedy of appeal, but such a remedy is not *adequate* under the circumstances. If Butler and Bower must wait for an appeal to establish their alleged right to have O'Farrell appointed as their legal counsel, they will be denied the opportunity to have the attorney-client

relationship of their own choosing throughout the course of the adjudication and disposition of their cases." (Emphasis *sic.*) (Writ denied on other grounds.)

In *State, ex rel. Emmich, v. Indus. Comm.* (1947), 148 Ohio St. 658, 36 O.O. 265, 76 N.E.2d 710, a dramatic fact pattern proved persuasive and the writ issued. The syllabus in *Emmich* describes the basis for the issuance of the writ:

"1. * * * [A] writ of mandamus 'must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.' * * *

"2. Where the only ordinary legal remedy available to a relator in a mandamus action would render him liable to the risk of a fine, imprisonment, deprivation of common-law defenses to actions brought against him, receivership for his business and an injunction against operating the same, such ordinary legal remedy is not adequate and will not operate to prevent resort to the remedy of mandamus."

In contrast, *State, ex rel. Willis, v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, is more closely related to the facts in this appeal. Paragraph one of the syllabus in *Willis, supra,* provides:

"Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law. * * *"

Casey has failed to show that it had no plain and adequate remedy in the ordinary course of the law. The potential delay and expense of appeal to the court of common pleas and subsequently to the court of appeals and this court, to obtain relief, do not equate to the exception provided by *Butler* and *Emmich, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., not participating.