OPINION
Richard F. Davet, relator, is seeking a writ of mandamus to compel respondent, Judge Richard J. McMonagle, "to vacate judgment and findings rendered [in General Motors AcceptanceCorp. v. Davet, Garfield Heights Municipal Court Case No. 99CVF00171, by Judge Deborah J. Nicastro] including any arrest warrants . . . and to return the case to the Shaker Heights Municipal Court, the proper Court of venue and jurisdiction, so that the matter may be tried on its merits by a properly appointed judge, in accordance with Ohio Law." Complaint at 6-7. Relator contends that the Garfield Heights Municipal Court lacked venue and jurisdiction in the General Motors matter because respondent did not have the authority to assign a judge of the Garfield Heights Municipal Court, following the recusal of the judge of the Shaker Heights Municipal Court, to hear an action originally filed in the Shaker Heights court. Respondent filed a Motion to Dismiss, which this court converted to a Motion for Summary Judgment, Entry No. 12558 dated December 8, 1999. For the reasons that follow, we grant respondent's motion.
The extraordinary writ of mandamus is available only when the usual forms of procedure are incapable of affording relief. Stateex rel. Woodbury v. Spitler (1973), 34 Ohio St.2d 134, 137,296 N.E.2d 526. The writ will not issue when a relator has a plain and adequate remedy in the ordinary course of the law. R.C.2731.05. Respondent contends that relator has an adequate remedy at law via appeal to challenge the jurisdiction and venue of the Garfield Heights Municipal Court and that relator has exercised that remedy by instituting an appeal to this court from the judgment of the Garfield Heights Municipal Court. See GeneralMotors Acceptance Corp. v. Davet, Cuyahoga App. No. 76288, filed April 13, 1999. Relator argues that his appeal "presents an incremental addition of complexities, which are inappropriate and unnecessary in the instant case." Answer to M/Dismiss at 3. Appeal, however, is an adequate remedy at law in this case. Cf.State ex rel. Sowell v. Lovinger (1983), 6 Ohio St.3d 21,450 N.E.2d 1176 (challenging right of acting judge to hold office). Mandamus will not lie for challenges to venue, State ex rel.Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 678 N.E.2d 549;State ex rel. McCoy v. Lawther (1985), 17 Ohio St.3d 37,476 N.E.2d 1048, and relator's challenge to the jurisdiction of the Garfield Heights Municipal Court is certainly a cognizable appellate issue which may be raised for determination by this court on appeal. In fact, this court has previously held that appeal is an adequate remedy through which relator may challenge the jurisdiction of the Garfield Heights Municipal Court in theGeneral Motors matter. Davet v. Nicastro (Aug. 12, 1999), Cuyahoga App. No. 76423, unreported. The potential delay of the incremental step of appeal does not render the remedy of appeal inadequate. State ex rel. Casey Outdoor Advertising, Inc. v. OhioDept. of Transp. (1991), 61 Ohio St.3d 429, 575 N.E.2d 181. Having failed to demonstrate the inadequacy of the remedy at law via appeal, the writ of mandamus is denied. See McGowan v.Cuyahoga Metropolitan Housing Authority (Jan. 30, 1991), Cuyahoga App. Nos. 59857, 59910, unreported.
In addition, mandamus is a writ that commands "the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. Relator has failed to set forth the duty of respondent to, or the mechanism by which respondent may, vacate a judgment and/or findings of the Garfield Heights Municipal Court as requested in the Complaint.
Accordingly, respondent's Motion to Dismiss, which was converted to a Motion for Summary Judgment, is granted.
Writ denied. Costs to relator.
O'DONNELL, J. AND PATTON, J., CONCUR.