ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Elaine Marks and Madra Marks Glazer, the relators, have filed a complaint for a writ of mandamus. Key Bank, Squire, Sanders Dempsey, L.L.P., Rippner, Schwartz, Carlin, L.L.P., the Cuyahoga County Court of Common Pleas, Sheldon Pickus, and William G. Pouss have been named as respondents. Marks and Glazer seek monetary damages for alleged fraud committed by Key Bank and Squire, Sanders Dempsey, L.L.P. In addition, Marks and Glazer seek an order from this court which requires Key Bank to distribute funds, in the amount of $27,000, from the Abe Pickus trust. Finally, Marks and Glazer seek an order which requires the Cuyahoga County Court of Common Pleas to apply R.C. 2109.50 et seq. in the underlying action of Elaine Marks, et al. v. Sheldon Pickus, et al.,
Cuyahoga County Court of Common Pleas Case No. 448128. Key Bank, Squire, Sanders Dempsey, L.L.P., Rippner, Schwartz and Carlin, L.L.P., and William G. Pouss have each filed separate motions to dismiss, which we grant for the following reasons.
On September 7, 2001, Marks and Glazer filed a complaint in the Cuyahoga County Court of Common Pleas which alleged fraud and further sought injunctive relief against Key Bank, Squire, Sanders Dempsey, L.L.P., Rippner, Schwartz Carlin, L.L.P., William Pouss, and Sheldon Pickus. On September 10, 2001, Marks and Glazer filed a "motion for temporary restraining order or mandamus and to advance and consolidate for trial" through which they sought an order which required Key Bank to "immediately disburse all remaining funds in the Abe Pickus Trust to Elaine Marks and Madra Marks Glazer, which amount is worth approximately $26,000." The trial court denied the motion for a temporary restraining order or mandamus.
On October 30, 2001, Marks and Glazer filed a second motion for a temporary restraining order. Once again, the trial court denied the motion for a temporary restraining order and set the matter for trial on March 18, 2002. Marks and Glazer filed an appeal with this court, Cuyahoga Appellate Case No. 80588, which sought review of the trial court's discovery orders and the denial of the requests for a temporary restraining order. On December 7, 2001, this court dismissed Cuyahoga Appellate Case No. 80588 for lack of a final appealable order. On December 5, 2001, Marks and Glazer filed their complaint for a writ of mandamus.
In order for this court to issue a writ of mandamus, Marks and Glazer must demonstrate that: 1) the relators possess a clear legal right to the relief requested; 2) the respondents possess a clear legal duty to perform the requested acts; and 3) the relators possess no plain and adequate remedy in the ordinary course of the law. State ex rel. Bardov. Lyndhurst (1988), 37 Ohio St.3d 106, 524 N.E.2d 447; State ex rel.Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 399 N.E.2d 81;State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Additionally, mandamus cannot be used as a substitute for an appeal, nor can mandamus be employed in an attempt to gain review of a trial court's interlocutory order. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23, 222 N.E.2d 312.
In the case sub judice, Marks and Glazer have failed to establish each prong of this three-part test. Marks and Glazer have failed to establish that they possess a clear legal right to any funds held in trust by Key Bank. In addition, Marks and Glazer have failed to establish that Key Bank, Squire, Sanders Dempsey, L.L.P., Rippner, Schwartz and Carlin, L.L.P., Sheldon Pickus, the Cuyahoga County Court of Common Pleas and William G. Pouss possess any legal duty, as owed to Marks and Glazer, which would require that this court issue a writ of mandamus. Finally, Marks and Glazer possess an adequate remedy in the ordinary course of the law because the action as filed in the Cuyahoga County Court of Common Pleas, Case No. 448128, presently scheduled for trial on March 18, 2002, addresses the identical issues raised through their complaint for a writ of mandamus. Once the underlying case has been concluded and the trial court has issued a final appealable order, Marks and Glazer possess an adequate remedy in the ordinary course of the law vis-a-vis a direct appeal to this court. State ex rel. Casey Outdoor Advertising, Inc. v.Ohio Dept. of Trans. (1991), 61 Ohio St.3d 429, 575 N.E.2d 181; State exrel. Woodbury v. Spitler (1973), 34 Ohio St.2d 134, 296 N.E.2d 526. It must also be noted that the sua sponte dismissal of a complaint is proper where the claimant cannot prevail on the facts alleged or the complaint is frivolous. State ex rel. Peeples v. Anderson (1995), 73 Ohio St.3d 559,653 N.E.2d 371; State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 106; 647 N.E.2d 799.
Accordingly, the respondents' motions to dismiss are granted. We further find that the complaint for mandamus fails to state a claim upon which relief can be granted and that the dismissal of all remaining respondents is appropriate. It is ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment and date of entry, pursuant to Civ.R. 58(B), upon all parties. Costs to relators.
Complaint for mandamus dismissed.
JAMES D. SWEENEY, J., and ANNE DYKE, J., CONCUR.