OPINION
{¶ 1} This accelerated calendar case is submitted to this court on the record and the brief of appellant, Richard M. Silver. Appellees have not filed a brief in this matter. Silver appeals the judgment entered by the Lake County Court of Common Pleas. The trial court entered judgment in favor of appellees, Patterson Simonelli ("Patterson Simonelli"), David N. Patterson ("Patterson"), and Mark M. Simonelli ("Simonelli").
 {¶ 2} Patterson Simonelli performed various legal work for Silver. This relationship terminated. Thereafter, Patterson 
Simonelli filed the instant action against Silver. The complaint alleged that Silver owed Patterson Simonelli $21,879.93 in unpaid legal fees.
 {¶ 3} Silver filed an answer and an amended answer. In both pleadings, Silver filed a third-party complaint against Patterson and Simonelli, as individuals.
 {¶ 4} Joseph Oliver initially represented Silver in this matter. In June 2001, Oliver drafted a letter outlining a settlement agreement for the case. Attached to the letter were various "exhibits," including: a stipulated order of dismissal, a notice of dismissal, a proposed judgment entry, and a mutual release. This letter was sent to appellees for Patterson's and Simonelli's signatures. Patterson and Simonelli signed the documents. Silver did not personally sign them; however, appellees argued that a binding settlement existed through the agency relationship of Oliver and Silver. In August 2001, Oliver withdrew as counsel for Silver, and Silver proceeded pro se.
 {¶ 5} Pursuant to the agreement, Silver was to pay appellees $6,000 by July 30, 2001. He did not make this payment. In response, appellees moved the trial court to reduce the agreement to a judgment. On October 26, 2001, the trial court entered a "stipulated order of dismissal." The order required Silver to pay appellees thirteen monthly payments of $500 each, for a total of $12,500. The trial court retained jurisdiction to enforce the settlement. Silver did not attempt to appeal this judgment.
 {¶ 6} According to an affidavit of Patterson, Silver paid $7,000 of this award but stopped making payments in July 2002. In January 2003, appellees filed a "motion to enforce settlement of claim." In response, Silver filed a "request for `arbitration,'" a "second request for change of venue," and an "answer to plaintiff's motion to enforce settlement claim and breach of contract by plaintiff." Attached to the last pleading was an affidavit from Silver.
 {¶ 7} On February 28, 2003, a hearing was held on these respective motions. Although the record reveals that a stenographer was present at this hearing, Silver has not filed a transcript of the hearing.
 {¶ 8} In a judgment entry filed March 6, 2003, the trial court overruled Silver's first and second motions for a change of venue, as well as his request for arbitration. In addition, the trial court struck Silver's attempt to assert a complaint for breach of contract, holding "[t]he proper procedure for asserting a counterclaim, absent prior leave of court or in a responsive pleading, is to initiate a new complaint." Finally, the trial court enforced the original settlement judgment entry.
 {¶ 9} Silver's first assignment of error is:
 {¶ 10} "The trial court err[ed] to the prejudice of defendant-appellant when denying his request for change of venue."
 {¶ 11} The trial court's judgment entry states that Silver's first and second requests to change venue are denied. A review of the record before this court only reveals one pleading from Silver on the issue of venue, captioned "second request for change of venue." We will address this assignment of error with the assumption that two requests were made, even though the record before us only evinces one written request.
 {¶ 12} "Venue is governed by Civ.R. 3."[1] This rule provides, in part:
 {¶ 13} "Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, `county,' as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:
 {¶ 14} "(1) The county in which the defendant resides;
 {¶ 15} "(2) The county in which the defendant has his or her principal place of business;
 {¶ 16} "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 {¶ 17} "* * *
 {¶ 18} "(6) The county in which all or part of the claim for relief arose; or, if the claim for relief arose * * *."
 {¶ 19} A reviewing court reviews a trial court's decision on a motion to change venue to determine if the trial court abused its discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3] In addition, the trial court is to determine which of the factors listed in Civ.R. 3 have priority over the others.[4]
 {¶ 20} At the time the original complaint was filed, Silver was a resident of Cuyahoga County. We note that venue may be proper in more than one county.[5] The instant action could have been commenced in either Lake or Cuyahoga County. The original action arose in Patterson Simonelli's law office in Willoughby, Ohio, where Patterson Simonelli performed some of the legal work for which the initial complaint was filed. Willoughby is located in Lake County. In addition, the October 2001 settlement agreement was filed in Lake County, and the trial court retained jurisdiction to enforce the agreement.
 {¶ 21} The trial court did not abuse its discretion by denying Silver's requests to change venue.
 {¶ 22} Silver's first assignment of error is without merit.
 {¶ 23} Silver's second assignment of error is:
 {¶ 24} "The trial court err[ed] to the prejudice of defendant-appellant when denying his request for arbitration."
 {¶ 25} In order to force the opposing party to resolve a dispute through arbitration, there must be a valid, enforceable arbitration clause.[6] The settlement agreement sought to be enforced by appellees did not contain an arbitration clause.
 {¶ 26} The trial court did not err by denying Silver's request for arbitration.
 {¶ 27} Silver's second assignment of error is without merit.
 {¶ 28} Silver's third assignment of error is:
 {¶ 29} "The trial court judge err[ed] to the prejudice of the defendant-appellant by striking his attempt to move, that there was a breach of contract."
 {¶ 30} Pursuant to App.R. 9(B), it is the appellant's duty to file a transcript with this court. Silver has failed to file a transcript of the February 28, 2003 hearing. The record indicates a stenographer was present at this hearing. Even if a formal transcript was not available, Silver had the duty, pursuant to App.R. 9(C), to file a statement of the evidence with this court. Silver has not done this. We note that Silver is appearing pro se on appeal. However, a pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court.[7]
 {¶ 31} An appellate court is limited to the record before it.[8] In addition, this court has previously held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[9]
 {¶ 32} We do not know what evidence, if any, was presented at the February 2003 hearing regarding the alleged breach by appellees. We have reviewed Silver's affidavit attached to his breach of contract pleading. However, based solely upon this review, we are unable to determine the basis of Silver's breach of contract allegation.
 {¶ 33} If Silver's breach of contract allegation pertained to the settlement agreement, which appellees sought to enforce, Silver was justified in raising it at that time. However, if the allegation pertained to some other transaction between the parties, the trial court properly struck the pleading. Presumably, if the alleged breach concerned the settlement agreement, there was evidence and arguments on the issue presented at the February 28, 2003 hearing. However, we do not have a transcript of this hearing.
 {¶ 34} Based on the limited record before us, we cannot say the trial court erred in the resolution of this matter.
 {¶ 35} Silver's third assignment of error is without merit.
 {¶ 36} Silver's fourth assignment of error is:
 {¶ 37} "The trial court judge err[ed] to the prejudice of the defendant-appellant with abuse of discretion knowing the substantial unbalance from `the complaint filed to the final journal entry' in favor of the attorney-plaintiff-appellee which ignored appellant's due process entitled to him."
 {¶ 38} Silver contends that the actions of the trial court or appellees have violated his due process rights under the United States Constitution and, thus, he is entitled to recovery under Section 1983, Title 42 of the United States Code. We disagree.
 {¶ 39} "In order to prevail on a claim under Section 1983, a plaintiff must establish: `(1) (that) the conduct in controversy was committed by a person acting under color of state law, and (2) that the conduct deprived plaintiff of a federal * * * constitutional or statutory (right).'"[10] The under color of state law requirement is similar to the state action requirement of the Fourteenth Amendment, and "it `excludes from its reach "merely private conduct, no matter how discriminatory or wrongful."'"[11]
 {¶ 40} Silver attempts to classify Patterson and Simonelli as state actors because they pay taxes. This argument is totally unfounded. They are private citizens. Nearly all private citizens pay taxes. Such activity does not convert them into "state actors."
 {¶ 41} Regarding Silver's claim against the trial court, we note that "[i]t is a well-settled rule in Ohio that where a judge possesses jurisdiction over a controversy, he is not civilly liable for actions taken in his judicial capacity."[12]
Silver has not alleged that the trial court acted outside of its authority or jurisdiction.
 {¶ 42} Silver's fourth assignment of error is without merit.
 {¶ 43} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] State ex rel. Ohio State Racing Comm. v. Walton (1988),37 Ohio St.3d 246, 247; Civ.R. 3.
[2] Premier Assoc., Ltd. v. Loper, 149 Ohio App.3d 660,2002-Ohio-5538, at ¶ 37, citing State ex rel. McCoy v. Lawther
(1985), 17 Ohio St.3d 37, 38.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Premier Assoc., Ltd. v. Loper, at ¶ 37, citing State exrel. McCoy v. Lawther, 17 Ohio St.3d at 38.
[5] See State ex rel. Ohio State Racing Comm. v. Walton,37 Ohio St.3d at 247; Civ.R. 3.
[6] R.C. 2711.01(A).
[7] See Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363.
[8] See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
[9] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; Bucary v.Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.
[10] Lee v. Cleveland, 151 Ohio App.3d 581, 2003-Ohio-742, at ¶ 29, quoting Roe v. Franklin Cty. (1996), 109 Ohio App.3d 772,778.
[11] Peoples Rights Org., Inc. v. Montgomery (2001),142 Ohio App.3d 443, 506, quoting Am. Mfg. Mut. Ins. Co. v. Sullivan
(1999), 526 U.S. 40, 50.
[12] State ex rel. Fisher v. Burkhardt (1993),66 Ohio St.3d 189, 191, citing Kelly v. Whiting (1985), 17 Ohio St.3d 91;Wilson v. Neu (1984), 12 Ohio St.3d 102; and Voll v. Steele
(1943), 141 Ohio St. 293.