[Cite as *DiSanto v. Thomas*, 2018-Ohio-1673.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DORENE E. DISANTO, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-133** |
| THOMAS L. THOMAS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2015 CV 00603.

Judgment: Affirmed.

*Brett J. Plassard*, 1875 West Jackson Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Thomas E. Thomas*, pro se, 3568 Highway 301 South, Nahunta, GA 31553 (Defendant-Appellant).

PER CURIAM

{¶1} Defendant-appellant, Thomas L. Thomas, appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, determining custody and support issues with regard to the minor child, A.R.D. The issue before this court is whether an appellant may challenge a trial court's jurisdiction where he did not appear at trial or otherwise present evidence in support of his claim. For the following reasons, we affirm the decision of the court below.

**{¶2}** On April 23, 2015, plaintiff-appellee, Dorene E. DiSanto, filed a Complaint for Custody (Emergency Ex Parte) against Thomas with respect to A.R.D. DiSanto was granted emergency custody and the matter was set for pretrial.

**{¶3}** On May 8, 2015, Thomas filed a Motion for Objection to the grant of emergency custody, arguing, inter alia, "that this Honorable Lake Co Court Judge/Magistrate lack Subject Matter Jurisdiction over this Pro Se Defendant and the Native American Child/Minor based upon the fact * * * [t]hat the Native American Child/Minor * * * is a Registered Member of the Penbina [sic] Nation Little Shell Band of North America * * * and exclusive Subject Matter Jurisdiction rests with the Tribal Court, Federal Courts, and/or will be Transferred to the US District Court over Federal Questions of Law, pursuant to Federal Law as determined by the US Supreme Court."

**{¶4}** Thomas further claimed that "a Original 'Complaint For Child Custody, Child Support, and Show Cause' entitled THOMAS L. THOMAS V. DORENE E. DISANTO et al, Case No: 15V-078 [was] pending in the Great State of Georgia in the Honorable Brantley Co Superior Court."

**{¶5}** On May 20, 2015, Thomas filed a Complaint/Counter-Complaint/Motion for: Custody, Visitation, Child Support, Objection to DNA Testing, and Habeas Corpus of Child (filed May 20, 2015).

**{¶6}** On October 4, 2017, a trial was held at which Thomas failed to appear.

**{¶7}** On October 6, 2017, the juvenile court issued a Judgment which held, in part:

> Based on the testimony and exhibits this Court finds that plaintiff has established that Defendant Thomas L. Thomas is the father of [A.R.D.] born May 9, 2003 and that the parent child relationship exists.

The court further finds that the parties separated on 11-4-2013 and that the minor child has been living exclusively with mother and maternal grandmother since that time.

The court further finds that father's income is unknown as he has not filed tax returns for several years.

* * *

Parenting time for father will be considered upon proper motion with this Court.

* * *

Father Thomas L. Thomas has a duty to support A.R.D. and child support shall be as outlined in the Child Support Worksheet attached hereto with [an] effective date of 11-4-2013.

{¶8} On October 23, 2017, Thomas filed a Notice of Appeal. On appeal, Thomas raises the following assignments of error:

{¶9} "[1.] Did Lake Co. Juvenile Trial Court Judge Karen Lawson act maliciously and corruptly without subject matter jurisdiction, abuse her discretion, create manifest injustice, structurally err, plain err, and/or violate this Native American defendant-appellant's [sic] of his clearly established equal protection right to due process of law, and right not to be discriminated against based upon gender/religion/nationality by systematically granting temporary custody to plaintiff/mother in Ohio after the plaintiff/mother admitted that in her affidavit for custody that a[n] original child custody and parental kidnapping was already pending in the State of Georgia, and the plaintiff/mother was homesteading in the State of Georgia, not Ohio."

{¶10} "[2.] Did both the reassigned and initial trial court judges/magistrate act maliciously and corruptly without subject matter jurisdiction, abuse their discretion,

create manifest injustice, structurally err, plain err, and/or violate this pro se Jewish Native American defendant-appellant's [sic] of his clearly established federal constitutional rights protected under the equal protection clause, due process of law, access to the courts, and federal law since: (A) the original child custody and parental kidnapping case was pending in the State of Georgia; (B) the herein interstate child custody case was lawfully removed and still remains pending in federal court; and/or (C) the initial and reassigned Lake Co. Court of Common Pleas judges are currently being represented in pending federal class action lawsuit for acting unlawfully maliciously and corruptly without subject matter jurisdiction at Ohio taxpayers['] expense."

{¶11} Thomas argues that the juvenile court was without jurisdiction because the federal courts have exclusive jurisdiction and/or the issue of A.R.D.'s custody was pending in a Georgia court.

{¶12} We must necessarily find that Thomas' arguments are without merit as they are unsupported by anything in the record.

{¶13} It is fundamental that a reviewing court may only decide an appeal based on the record before it. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter"). This court has held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment." (Citation omitted.) *Patterson & Simonelli v. Silver*, 11th Dist. Lake No. 2003-L-055, 2004-Ohio-3028, ¶ 31.

4

{¶14} In the present case, the record before us lacks evidence to support Thomas' claims, such as evidence of A.R.D.'s membership in the Pembina Nation or pending legal proceedings regarding A.R.D.'s custody in Georgia. Thomas' attempt to file an Affidavit in Support and Statement in Lieu of Transcript is unavailing. Assuming, arguendo, that it complied with Appellate Rule 9(C), Thomas did not appear at the October 4, 2017 trial and is, therefore, wholly incompetent to submit a statement of evidence presented at the trial. Appellate Rule 9(C) is not a proper vehicle for introducing evidence into the record that was not presented before the trial court.

{¶15} The statement contained in DiSanto's original Complaint that, "Defendant Thomas L. Thomas initiated an action in Georgia partially involving custody of [A.R.D.]," is insufficient in itself to demonstrate that the juvenile court lacked jurisdiction to determine A.R.D.'s custody and support.

{¶16} The assignments of error are without merit.

{¶17} For the forgoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, Juvenile Division, is affirmed. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.

5